UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
AUG 26 2014
PER _____
DEPUTY CLERK

DONALD K. BROWN, II,　　　　　　　　　:

　　　　Plaintiff　　　　　　　　　　　　　　　　:

v.　　　　　　　　　　　　　　　　　　　　　: CIVIL NO. 3:CV-14-1305

JON D. FISHER, et al.,　　　　　　　　　　　: (Judge Kosik)

　　　　Defendants　　　　　　　　　　　　　　:

## MEMORANDUM

**I.　　Background**

Plaintiff, Donald K. Brown, II ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Smithfield, Pennsylvania, initiated the above civil rights action pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff names five (5) SCI-Smithfield officials/employees in addition to Jane/John Doe(s) as Defendants. He sets forth allegations of inadequate medical/dental care in violation of the Eighth Amendment. Service of the complaint was directed on July 9, 2014. (Doc. 6.) To date, there is no indication in the record that service has yet been achieved with respect to any of the Defendants. Presently pending is Plaintiff's motion for the appointment of counsel. (Doc. 11.) For the reasons that follow, the motion will be denied without prejudice at this time.

## II. Discussion

In his motion for counsel, Plaintiff argues that: (1) he is unable to afford a lawyer; (2) he is greatly limited by his imprisonment; (3) his case is complex and will require significant research; (4) he lacks the necessary knowledge and experience to litigate this matter; (5) he needs assistance in gathering evidence from Defendants; and (6) he has been unsuccessful in his repeated efforts to obtain a lawyer to represent him in this matter. (Doc. 11 at 1-2.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has

2

some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of these motions the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are clearly written, cite to pertinent legal authority, and thoroughly detail the claims he desires to pursue. The legal issues presented are not overly complicated. Plaintiff is clearly literate and, while it is true that he is incarcerated, he appears able to litigate this action on his own. Any concern at this juncture about conducting discovery or preparing for trial is premature. It cannot be said, at least at this point, that Plaintiff will suffer substantial

prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. As such, his pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion. An appropriate order follows.