UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD K. BROWN, II,                     :
                                         :
          Plaintiff                      :
                                         :
     v.                                  : CIVIL NO. 3:CV-14-1305
                                         :
JON D. FISHER, et al.,                   : (Judge Kosik)
                                         :
          Defendants                     :

## MEMORANDUM

## I.   Background

The pro se plaintiff, Donald K. Brown, II, commenced this action pursuant to

42 U.S.C. § 1983.  Named as defendants are five (5) officials/employees at SCI-

Smithfield, Plaintiff's former place of incarceration.  He also names "Jane/John

Does" as defendants.  In the complaint, he sets forth allegations of inadequate

medical/dental care in violation of the Eighth Amendment.

Service of the complaint was directed on July 9, 2014. (Doc. 6.)  Waivers of

Service were returned executed by the following four (4) defendants, William

Dreibelbis, Jon D. Fisher, Gerald Hartman and Jay Whitesel. (Doc. 19.)  On

September 15, 2014, said defendants filed a motion to dismiss the complaint for

failure to state a claim.  This motion is presently ripe for consideration and will be

addressed in a separate Memorandum. Also pending is a motion filed by these

Defendants seeking to stay discovery pending resolution of their motion to dismiss.

(Doc. 29.)

A Waiver of Service has not been returned by Joseph Kaczor. On April 27,

2015, Plaintiff sent correspondence to the court inquiring as to the status of service of

the complaint on this defendant, and providing an address where he can be served.

(Doc. 39.)

## II.    Discussion

### A.    Motion to stay discovery

Defendants seek to stay discovery pending disposition of their outstanding

motion to dismiss the complaint. By doing so, Defendants state that unnecessary time

and expense in responding to Plaintiff's outstanding discovery requests can be

avoided if discovery is stayed in that resolution of their motion may dispose of some

or all of the claims alleged in the complaint, and render the discovery requests moot

and unnecessary. They further argue that no prejudice will result to Plaintiff in

staying discovery until a resolution of the motion to dismiss is reached. Defendants'

arguments are well taken in that if any of the claims survive, Defendants will then be

required to provide appropriate responses to the requests relative to the claims still

remaining. While Plaintiff asserts that Defendant Fisher is no longer employed at

SCI-Smithfield, and therefore any delay in requiring him to respond to the requests

2

prejudices him, Defendants' arguments in moving to dismiss Fisher are based on respondeat superior, as well as the fact that Fisher is a non-medical defendant.

The Court has broad discretion to stay discovery pending resolution of a dispositive motion. Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985). A stay is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay. 19th St. Baptist Church v. St. Peters Episcopal Church, 190 F.R. D. 345, 349 (E.D. Pa. 2000).

In Mann v. Brenner, 375 F. App'x 232, 239-40 (3d Cir. 2010), the Third Circuit stated that staying discovery while evaluating a motion to dismiss may be appropriate in certain circumstances, such as when evaluating a motion to dismiss, where, if the motions is granted, discovery would be futile. The Court stated that:

> A Motion to Dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and therefore need not be decided on its face without extensive factual development. See Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)(the purpose of Rule 12(b)(6) is to "streamline [] litigation by dispensing with needless discovery and factfinding); Chudsama v. Mazda Motor Corp., 12 F.3d 1353, 1367 (11th Cir. 1997)("A motion to dismiss based on failure to state a claim for relief should . . . be resolved before discovery begins."); Rutman Wine Co. v. E.&J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)(the idea that discovery should be permitted before deciding a motion to dismiss "is unsupported and defies common sense [because] the purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."). Accordingly, the District Court did not abuse its discretion in staying discovery pending resolution of the motions to dismiss.

Mann, 375 F. App'x at 239-40.

For these reasons, the court will grant Defendants' request to stay discovery pending resolution of their motion to dismiss the complaint.

B.     Service of complaint on Defendant Kaczor

There is no indication in the record that Defendant Kaczor has been served with a copy of the complaint.  To effect service as expeditiously as possible, the Clerk of Court is specially appointed to serve a copy of the complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order on Defendant Kaczor at the address provided by Plaintiff in his correspondence of April 27, 2015.  The address provided by Plaintiff is "2606 Broad Avenue, Altoona, Pennsylvania, 16601."  (Doc. 39 at 2.) The waiver requests shall inform Defendant both of the consequences of compliance and of failure to comply with the requests.  Defendant is permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers or electronically file them in the court's Electronic Case Filing (ECF) system.  If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(1).

It is Plaintiff's responsibility to provide a complete name and address for each

4

defendant so that the court can effect service. At this time, service will be attempted on Defendant Kaczor at the address Plaintiff has now provided for him. However, if the Clerk of Court cannot properly mail the complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons to Defendant Kaczor due to Plaintiff's failure to properly provide an accurate mailing address for him, Plaintiff will be required to correct this deficiency.

In that event, it will be the Plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for Defendant Kaczor. If Plaintiff does not have sufficient copies of these forms, he may obtain additional forms from the Clerk of Court. On the form, Plaintiff must give the full name and complete address of Defendant. If Plaintiff fails to give the Clerk's Office correct instructions for mailing to Defendant, Plaintiff's claims against Defendant Kaczor may be dismissed pursuant to Fed. R. Civ. P. 4(m).

Plaintiff is also advised that no defendant is required to respond to the complaint until he or she: (1) has waived service; or (2) has been served with a summons and the complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the complaint within sixty (60) days after the Notice of Lawsuit and

5

Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

Plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff. An appropriate order follows.