UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD K. BROWN, II,                          :
                                              :
      Plaintiff                            :
                                              :
  v.                                          :     CIVIL NO. 3:CV-14-1305
                                              :
JON D. FISHER, et al.,                        :     (Judge Kosik)
                                              :
      Defendants                           :

**MEMORANDUM**

Donald K. Brown, II, an inmate currently confined at the Lebanon Valley Medical Center, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. In the complaint, he raises inadequate medical/dental claims under the Eighth Amendment against the several employees at the State Correctional Institution at Smithfield (SCI-Smithfield), Pennsylvania, his former place of confinement. Also named as a defendant is a contract oral surgeon. Pending before the court is a motion to dismiss filed by the SCI-Smithfield defendants.[1] The motion is ripe for

---

[1] The SCI-Smithfield defendants are as follows: Jon Fisher, Superintendent; Jay Whitesel, Deputy Superintendent of Centralized Services; William Dreibelbis, Corrections Health Care Administrator; and Gerald Hartman, Nurse Supervisor. Although Plaintiff also named "Jane/John Doe" employees in the prison dental department as defendants, he has never identified said defendants and, as such, they have never been served with the complaint. A separate motion to dismiss has been filed by Defendant Kaczor, but Plaintiff has failed to file his brief in opposition to the motion. As such, he will be afforded one final opportunity to do so.

consideration and, for the reasons that follow, will be denied.

I.     **Standard of review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008)(quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121,

130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**II.    Allegations in the complaint**

Plaintiff claims that in September of 2012 he had a dental appointment scheduled to extract teeth from his upper jaw. From September through November of 2012, he informed the dental staff both during his follow-up visit and in writings (sick call slips and Inmate Requests to Staff) that he was experiencing great pain from the grinding of his bottom teeth against the newly exposed flesh of his upper gums. He was advised that this was the normal healing process, and that he would have to

deal with it.

In November of 2012, Plaintiff experienced severe pain and inflammation. Pus was present in his upper right jaw. He submitted sick call and request slips, and was seen by the dental department one (1) week later. He was told it was probably a bone fragment that would work its way out. He was denied pain medication and antibiotic treatment. The pain continued and his requests for treatment went unanswered.

On June 21, 2013, Plaintiff began retaining copies of his requests for care. He alleges that he started losing weight. On August 19, 2013, in response to a request he submitted, he was informed that he would be scheduled for care in early September. He relied on this information, and did not request any further care at this point. Because he never received any care in September, he began to request it again due to the severe pain, weight loss and infection he was experiencing.

On November 20, 2013, Plaintiff filed a grievance (#486430-13) about these matters. He also informed Defendant Dreibelbis directly and in writing about the problems prior to filing the grievance. This information was documented by Defendant Hartman.

In denying the grievance, Hartman stated that Plaintiff's dental needs were non-emergent, and he was denied treatment. According to Plaintiff, this was a violation of DOC Policy 13.2. Defendant Fisher upheld the grievance denial on appeal. An appeal was filed with the Secretary's Office of Inmate Grievances and

Appeals (SOIGA). The SOIGA referred the matter to the Bureau of Health Care Services. On May 15, 2014, the final appeal decision was issued upholding the denial of the grievance, and Plaintiff was provided no treatment.

On October 25, 2013, Plaintiff was seen in the dental office by Dr. Diehl, who confirmed that an infection was present. He also took an x-ray. Because an anomaly was seen in the x-ray, Plaintiff was referred to an oral surgeon. Although Plaintiff complained of severe pain, he was told that he would be given no medication until after his consultation with the oral surgeon.

On December 10, 2013, Plaintiff was seen by Defendant Kaczor. He was told he had a cyst and required surgery. Plaintiff complained that he was in pain and worried about the pus/infection, but was not provided with any medication. On January 14, 2014, Plaintiff received oral surgery. The cyst and surrounding bone were removed. Plaintiff experienced intense pain, facial swelling, impaired vision and the inability to eat/speak for the next several days.

On January 17, 2014, he was admitted to the infirmary and received I.V. treatment for cellulitis of the facial triad. He thereafter filed a grievance on January 28, 2014 (#49511-14) requesting pain management and dietary supplements due to his weight loss. He asked for this treatment pending his partial plates that he was told were prescribed in September of 2012.

On February 11, 2014, Defendant Dreibelbis denied the grievance despite his

complaints of pain and weight loss stating that Plaintiff was seen in medical on February 22, 2013 and that there was no documentation of his seeking medical treatment again until October 25, 2013.  Plaintiff states that this was untrue, and that his requests for treatment during this time period are documented in his previous grievance.

On February 18, 2014, Plaintiff appealed to Defendant Fisher, and complained of the pain and weight loss he had been experiencing for 17 months.  However, his grievance denial was upheld.  An appeal therefrom was filed with the SOIGA.

On May 13, 2014, an impression was taken of Plaintiff's lower jaw in order to provide him with a splint.  As of June 16, 2014, Plaintiff still had not received the splint.  He claims he was still suffering due to the grinding of the lower teeth on the upper exposed gums.  He also had not received a dietary supplement that was prescribed by the Bureau of Health Care Services on May 20, 2014.  On June 16, 2014, Plaintiff filed a grievance to address these issues.

Based on the foregoing, Plaintiff states that over 21 months passed since the initial extraction of his teeth, and that no care was provided for his pain and weight loss.  He claims that he submitted over 56 documents, and filed 5 grievances, but received no relief.  He states that Defendants' conduct violated his Eighth Amendment right to adequate medical/dental care.  He seeks declaratory, compensatory and punitive relief.

## III.    Discussion

Defendants Fisher, Whitesel, Dreibelbis and Hartman move to dismiss the complaint on the following two grounds.  They first argue that Plaintiff's deliberate indifference claims against the non-medical defendants (Superintendent Fisher and Deputy Superintendent Whitesel) should be dismissed because Plaintiff cannot rely on respondeat superior and, he has failed to demonstrate that said non-medical personnel had a reason to believe or actual knowledge that Plaintiff was not receiving adequate treatment from medical personnel.

Two elements must be present in order to state a § 1983 claim: (1) the conduct complained of must have deprived the plaintiff of rights, privileges and immunities secured by the Constitution or laws of the United States; and (2) the conduct must have been committed by a person acting under color of state law.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 923 (1982); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).  Plaintiff must demonstrate that each Defendant was personally involved in the alleged wrongful actions either by actual conduct, or knowledge of and acquiescence in the wrongful actions.  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Defendants in "a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  Rode, 845 F.2d at 1207.  Thus, a mere linkage in the prison chain of command is not sufficient to demonstrate personal involvement.

7

A constitutional violation under the Eighth Amendment in the medical context occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). To establish a violation of his constitutional right to adequate medical care in accordance with this standard, Plaintiff is required to allege facts that demonstrate (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that mere misdiagnosis of a condition or negligent treatment provided for a condition, is not actionable under the Eighth Amendment because medical malpractice standing alone is not a constitutional violation. Estelle, 429 U.S. at 106. Deliberate indifference is generally not found when some significant level of medical care has been offered to an inmate, see Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997), or where claims are based upon the level of

8

professional care that an inmate has received, see Ham v. Greer, 269 F. App'x 149 (3d Cir. 2008).  Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim.  See Gause v. Diguglielmo, 339 F. App'x 132 (3d Cir. 2009); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Prison officials, who are not physicians, cannot be considered deliberately indifferent simply because they failed to respond to the medical complaints of a prisoner who was already being treated by medical personnel of the prison.  Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.  Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).  Further, participation in the after-the-fact review of a grievance is not enough to establish personal involvement.  See Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement).

Without passing judgment as to the ultimate success of Plaintiff's claims against Defendants Fisher and Whitesel, the court will allow these claims to proceed at this juncture.  In construing the complaint in the light most favorable to Plaintiff, he does allege and attach exhibits to his complaint indicating that these non-medical

defendants were advised that his sick call request slips to the medical/dental department were being ignored and that he was not receiving any treatment for his serious complaints.[2] While Defendant Whitesel forwarded Plaintiff's request to Defendant Dreibelbis, Plaintiff contends Dreibelbis did nothing and Whitesel was again advised of such. Plaintiff also alleges that he repeatedly informed Fisher that despite referrals of his complaints/requests to the medical/dental department, no action was taken to provide him with care.

Medical defendants CHCA Dreibelbis and RN Supervisor Hartman also seek dismissal from this action claiming that they were not deliberately indifferent to Plaintiff's medical/dental needs. Without unnecessary elaboration, the court finds that Plaintiff has alleged sufficient facts in the complaint to allow the claims to proceed at this juncture against both of these Defendants. Plaintiff alleges that Dreibelbis was advised directly and via request slips forwarded to him by prison officials of his urgent need for pain relief, antibiotic treatment and nutritional supplement, yet ignored this information and failed to provide any treatment. He further alleges that Hartman was also made aware of his plight, yet claimed Plaintiff's dental needs were non-emergent and denied him treatment. For these reasons, Defendants' motion to dismiss will be denied. An appropriate order follows.

---

[2] For purposes of the motion to dismiss only, Defendants concede that Plaintiff had a serious medical need. (Doc. 21 at 5.)